IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR LAMAR GIBBS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-04-CV-4753 |
| | § | Criminal Action No. H-03-CR-91 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## ORDER

Pending before the Court is Petitioner Victor Lamar Gibbs' Petition for a Writ of Habeas Corpus[1] (Civil Document No. 1, Criminal Document No. 67) and the United States' Motion to Dismiss (Criminal Document No. 73). Having considered the motions, submissions, and applicable law, the Court determines that the Petitioner's motion should be denied and the Government's motion to dismiss should be granted.

### I. BACKGROUND

On March 24, 2003, Victor Lamar Gibbs ("Gibbs") was charged in a one-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C.

---

[1] Based on the relief requested by Gibbs in his motion, the Court construes this petition for a writ of habeas corpus as one under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence.

§ 922(g)(1) and § 924(a)(2). Following a two-day jury trial, Gibbs was found guilty. On September 17, 2003, the Court sentenced Gibbs to 24 months in the custody of the United States Bureau of Prisons, followed by a three-year term of supervised release. The Court also imposed a special assessment of $100. Gibbs timely appealed his conviction to the United States Court of Appeals for the Fifth Circuit. On September 24, 2004, the Fifth Circuit issued a per curiam decision affirming the judgment of the district court.

On December 10, 2004, Gibbs timely filed the instant motion, asserting his confinement is improper because: (1) the traffic stop by police officers was illegal and that testimony by the officers at trial provided conflicting information; (2) the search and seizure of evidence from his vehicle was illegal; (3) there was plain error in the Court's submission of jury instructions on deliberate ignorance; and (4) his counsel was ineffective in not filing timely motions, not objecting to the illegal search and seizure of his vehicle, and not objecting to the jury instruction on deliberate ignorance at trial.

The Government responded on March 11, 2005 and moved to dismiss. First, the Government argues Gibbs is procedurally barred from raising issues of an illegal traffic stop and illegal search and seizure because the issues were not raised on direct appeal. The Government also contends Gibbs may not raise the issue of plain error in the Court's jury instructions on deliberate ignorance because the issue was already raised

on direct appeal to the Fifth Circuit. Finally, the Government argues Gibbs fails to meet the burden for a claim of ineffective assistance of counsel. Accordingly, the Court addresses each of these motions in turn.

## II. STANDARD OF REVIEW

A petitioner may be granted relief under § 2255 only when he can establish one of four factors:

> (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.

*United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). A collateral challenge may not be used as a substitute for direct appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)). Therefore, once a petitioner's chance to appeal has been exhausted, courts are "entitled to presume that [the defendant] stands fairly and finally convicted." *Frady*, 456 U.S. at 164. Subsequently, motions to vacate sentences "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1991) (citation omitted).

## III. LAW AND ANALYSIS

A. *Issues Not Raised on Direct Appeal*

First, Gibbs claims his conviction was obtained as the result of an illegal traffic stop and a subsequent illegal search and seizure of evidence from his vehicle. Gibbs further claims that his arresting officers offered conflicting testimony at trial regarding the traffic stop and search of his vehicle. The Court notes that Gibbs did not raise these issues on direct appeal and asserts them for the first time in the instant motion.

However, a petitioner may only challenge his conviction after it is final on issues of a constitutional or jurisdictional magnitude. *Shaid*, 937 F.2d at 232 (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Thus, issues which are not of a constitutional or jurisdictional nature that were not raised on direct appeal are procedurally barred unless the petitioner can establish "cause for his procedural default and actual prejudice resulting from the error. *Id*. (citing *Frady*, 456 U.S. at 168). While Gibbs' Fourth Amendment claims are proper under § 2255, his conflicting testimony claim is neither constitutional nor jurisdictional. Therefore, Gibbs will need to meet the "cause and actual prejudice" standard, which is a "significantly higher hurdle than the plain error standard" applied on direct appeal. *Id.*

Collateral relief will not be granted absent a showing of cause for his failure to raise the conflicting testimony issue on direct appeal. *Id.* at 229. With respect to cause, Gibbs' motion fails to address why he did not raise these issues on appeal.

Therefore, while Gibbs may be able to show prejudice, he has not established cause and is procedurally barred from raising the conflicting testimony issue in this action.[2]

      B.  *Whether Claims of an Illegal Traffic Stop and Illegal Search and Seizure Are Cognizable under § 2255*

A petitioner may only challenge his conviction after it is final on issues of a constitutional or jurisdictional magnitude. *Shaid*, 937 F.2d at 232 (citing *Hill*, 368 U.S. at 428). In the present case, Gibbs asserts that his Fourth Amendment rights were violated during an illegal traffic stop and subsequent search and seizure of his vehicle. Because these claims are of constitutional import, they are cognizable under § 2255. *See* 28 U.S.C. § 2255 (2000). When asserting a Fourth Amendment violation, the petitioner must prove the merit of his claim. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Here, Gibbs' motion offers no factual support concerning the merits of his Fourth Amendment claims. Gibbs only supports his Fourth Amendment claim by stating that his arresting officers offered conflicting testimony concerning the traffic stop. In contrast, the trial transcript shows the officers stopped Gibbs for speeding in excess of 70 miles per hour in a 35 mile per hour residential neighborhood. The record further indicates that a marijuana cigar was in plain sight on the console area of the

---

[2] There is one acknowledged exception to the "cause and actual prejudice standard" in the "extraordinary" case where an innocent person has been wrongly convicted. *Shaid*, 937 F.2d at 232. However, Gibbs' case does not fall under this exception as he does not allege his innocence. In fact, his conviction was affirmed on appeal.

vehicle. The officers removed Gibbs from the vehicle, and, upon a search of the front seat, identified a loaded .357 caliber Smith and Wesson, two marijuana cigars, and two baggies full of loose marijuana. While Gibbs was seated in the patrol car, he voluntarily stated that he had "weed and a gun" in the vehicle, but he did not know anything about the baggies of marijuana.[3] Although the record contains minor differences in both officers' testimonies, there is no indication that Gibbs' Fourth Amendment rights were violated or testimony to support a reasonable probability of a different verdict. Essentially, Gibbs provides nothing more than conclusory allegations, which are insufficient to raise a constitutional issue. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Therefore, because Gibbs is unable to establish his Fourth Amendment claims were meritorious and shows no reasonable probability of a different verdict, his Fourth Amendment claims should be rejected.

    C.  *Whether There Was Plain Error in the Court's Jury Instructions on Deliberate Ignorance*

With respect to the Court's jury instructions, Gibbs presented the issue of deliberate ignorance to the Fifth Circuit Court of Appeals. In its two-page unpublished per curiam opinion, the Fifth Circuit upheld the deliberate ignorance instruction,

---

[3] Moreover, even the Fifth Circuit's per curiam opinion references the fact that Gibbs made statements to the officers concerning the presence of a firearm.

asserting "[n]o plain error occurred in the court's submission of the instruction." *Gibbs*, 108 Fed. Appx. at 993 (unpublished). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). Therefore, because the Fifth Circuit disposed of this issue on direct appeal, Gibbs' claim should be rejected.

### D. *Gibbs' Claims of Ineffective Assistance of Counsel*

Finally, Gibbs claims his defense counsel rendered ineffective assistance by not filing timely motions, by failing to object to the illegal stop and search, and by failing to object to the jury instruction on deliberate ignorance. To establish a claim based on ineffective assistance of counsel, the petitioner must allege and prove (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner must establish both prongs of the *Strickland* test in order to prevail on an ineffective assistance claim. *Rose v. Johnson*, 141 F. Supp. 2d 661, 680 (S.D. Tex. 2001).

Under the first prong, counsel's performance is held to be deficient if it fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 688. The guarantee by the Sixth Amendment is not of "perfect advocacy," but "reasonable competence." *Yarbrough v. Gentry*, 540 U.S. 1, 8 (2003). Accordingly, while the

court may look back with the benefit of hindsight and disagree with some of counsel's choices, this fact alone is not enough to render counsel deficient. *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). Therefore, the first prong requires a showing that the petitioner did not receive "the assistance necessary to justify reliance on the outcome of the proceeding." *Strickland*, 466 U.S. at 692.

Here, Gibbs offers conclusory allegations of his counsel's deficiency in not filing timely motions, not objecting to the illegal search and seizure of his vehicle, and not objecting to the instruction on deliberate ignorance at trial. It is well-established that "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional claim." *United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) (citing *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998)). Furthermore, the Fifth Circuit has held a failure to file motions, standing alone, does not constitute ineffective assistance of counsel. *Rose*, 141 F. Supp. 2d at 684. At any rate, the record indicates the police officers stopped Gibbs for speeding and had probable cause to search his vehicle when they saw a marijuana cigar in plain view. Further, Gibbs made a voluntary statement to officers regarding the gun. Thus, his counsel was without reason to object to evidence gathered from the search of Gibbs' vehicle and was objectively reasonable in not filing a motion to suppress. Finally, Gibbs appealed the jury instruction issue regarding deliberate ignorance to the Fifth Circuit, who found

8

it to be a proper instruction. Thus, the fact that Gibbs' attorney did not object to the instruction at trial cannot now be ineffective. In consideration of these factors, Gibbs' claims of ineffective assistance of counsel fail to establish that his counsel's performance was deficient under the first prong of the *Strickland* test.

Assuming, however, that his counsel's performance was deficient, Gibbs must still demonstrate that he was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687. Under this second prong, a showing of the mere possibility of prejudice will not suffice. *Id.* Rather, prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The petitioner making the claim of deficient counsel must identify the acts or omissions that are alleged to have been the result of unreasonable professional judgment. *Id.* at 690. Then, he must establish that those errors were so serious as to deprive him of a fair trial. *Id.* at 687.

Again, Gibbs identifies his counsel's deficiency in not filing timely motions, not objecting to the illegal search and seizure of his vehicle, and not objecting to the jury instruction on deliberate ignorance at trial as examples of unreasonable professional judgment. Here, the outcome of trial would likely be different had Gibbs received favorable rulings on his three complaints. But, Gibbs bears the burden of showing *both* deficiency of counsel *and* prejudice, and he may not escape this burden merely by

9

stating his conclusion. *Holmes*, 406 F.3d at 361. Thus, Gibbs' claims should be rejected. Given the foregoing, the Court hereby

ORDERS that Victor Lamar Gibbs' Petition for a Writ of Habeas Corpus (Civil Document No. 1, Criminal Document No. 67) is DENIED. The Court further

ORDERS that the Government's Motion to Dismiss (Criminal Document No. 73) is GRANTED.

SIGNED at Houston, Texas, on this 3rd day of June, 2005.

_____

DAVID HITTNER

United States District Judge